# EXHIBIT F

# GlaserWeil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Robert E. Allen

**Direct Dial**
310.282.6280
**Direct Fax**
310.785.3580
**Email**
rallen@glaserweil.com

February 24, 2020

VIA E-MAIL

Margaret L. Argent, Esq.
THOMAS & LIBOWITZ, P.A.
25 S. Charles St., Ste. 2015
Baltimore, MD 21201
margent@tandllaw.com

Re:  Case No. 1:18-cv-03403
*Brittney Gobble Photography, LLC v. Sinclair Broadcast Group, Inc., et al.*
Response to February 5, 2020 Letter

Dear Margaret,

    I write in response to your February 5, 2020 letter contending that Dale Quisenberry's continued involvement in this case is violative of Maryland Rule of Professional Conduct 19-303.7 ("Rule 3.7"). In short, it is inappropriate and unnecessary for Dale to withdraw his appearance as counsel at this time—he is not "obligated to strike his appearance" as you contend.

    As you know, Rule 3.7 provides that "[a]n attorney shall not act as advocate *at a trial* in which the attorney is likely to be a necessary witness …." (emphasis added). While you state that "Maryland's courts have interpreted Rule 19-303.7 to also bar a lawyer from acting as counsel in a case during the pretrial phase when the lawyer is likely to be necessary as a witness," only in rare circumstances, not present here, has a court disqualified counsel from participating pretrial, partly because pretrial disqualification is an extraordinary remedy. Accordingly, such disqualification is not warranted in this case.

    First, we believe that the following facts are not reasonably in dispute:

- To the extent that Dale may testify at trial, it would only be in rebuttal to Susan Domozych's testimony.
    - We do not intend to include Dale on our witness list or to call him during or case-in-chief.

Margaret L. Argent
February 24, 2020
Page 2

- Dale did not and could not have known that his recollection of his phone call with Domozych would be in dispute until Domozych's deposition, at the very earliest.

    - As a corollary, he was unaware of any possibility that he may need to testify at the time that this lawsuit was filed.

- Motions for summary judgment, motions *in limine*, or other pretrial motions may obviate the need for or significantly narrow the scope of any testimony regarding the parties' respective recollections of the phone call.

Against this backdrop, we note that "[d]isqualification of counsel is a drastic remedy because it deprives clients of counsel of their choice." *Henry v. Mansoor Emral Shaool*, 2008 WL 11509453, at *1 (D. Md. Aug. 12, 2008) (citing *Gross v. SES Americom, Inc.*, 307 F. Supp. 2d 719, 722 (D. Md. 2004)). Accordingly, a party moving to disqualify its opposing counsel "bear[s] a high standard when demonstrating that disqualification is necessary." *Id.* (citing *Franklin v. Clark*, 454 F. Supp. 2d 356, 364 (D. Md. 2006)). Indeed, "[d]isqualification at the urging of opposing counsel is permitted only where the conflict is such as clearly to call in question the fair and efficient administration of justice." *Gross*, 307 F. Supp. 2d at 723 (alterations and citations omitted).

Disqualification under Rule 3.7 "is generally limited to representation at trial." *See* Ann. Model Rules of Prof'l Conduct R. 3.7 (ABA 2019) (Generally Limited to Acting as Trial Counsel) (collecting cases); *see also Klupt v. Krongard*, 126 Md. App. 179, 211 n.6 (1999) ("We note that generally disqualification under Rule 3.7 extends only to representation at trial."); *Henry*, 2008 WL 11509453, at *4 ("Rule 3.7 does not bar Bregman's representation of the Shaools before or after trial. The Shaools acknowledge that Bregman will not act as an advocate at trial, and Rule 3.7 does not prohibit his participation in other aspects of the case. Bregman therefore may continue to represent the Shaools--except at trial.").

Therefore, your demand that Dale withdraw his appearance is premature.

*Abrishamian v. Wash. Med. Grp., P.C.*, 216 Md. App. 386 (2014), is the leading Maryland case in which a court upheld the exclusion of an attorney under Rule 3.7 from pretrial proceedings. But the facts of *Abrishamian* are easily distinguished from our case. In *Abrishamian*, the disqualified attorney's credibility had "always been a core issue" in the case and his "substantive centrality to the issues in the case should have compelled him to back out in the beginning …." *Id.* at 407–08. With that in mind, the court noted that "[d]isqualification of counsel at the trial level can extend to any aspect of the litigation the circuit court deems appropriate under the circumstances" and held that the attorney was properly disqualified from discovery as well as trial.

Margaret L. Argent
February 24, 2020
Page 3

*Id.* at 408. Here, as noted above, Dale's possible testimony about the phone call would only be offered in rebuttal to Domozych, and it only became clear that his testimony may be needed *after* Domozych was deposed—it was not obvious or contemplated at the beginning of the case, like it was in *Abrishamian*. Therefore, disqualifying Dale from anything except trial itself would be unwarranted.

The policy underlying the advocate-witness rule is "eliminating confusion about the lawyer's role" by the trier of fact. Ann. Model Rules of Prof'l Conduct R. 3.7 (ABA 2019) (Policies Behind Advocate-Witness Rule). Certainly, there is little likelihood of confusion at the pretrial stage with Judge Gallagher acting as the trier of fact. *See* Douglas R. Richmond, *Lawyers As Witnesses*, 36 N.M. L. Rev. 47, 51 (2006) ("In addition to its clear language, there is no policy reason commending the rule's application to lawyers' affidavit testimony at summary judgment. Because it is the judge who reads motions, there is no chance that the lawyer's dual roles will be confusing. It is equally unlikely that a judge, as compared to a jury, will be unfairly influenced by the lawyer's dual roles.") (footnotes omitted). With no confusion likely, and no showing of prejudice against Sinclair, it would be inappropriate to disqualify Dale from pretrial proceedings. *See* Rule 3.7, cmt. 2 ("The tribunal has proper objection when the trier of fact may be confused or misled by … an attorney serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation.").

Given that "[t]he movant of a motion to disqualify must satisfy a high burden of proof that disqualification is warranted," a motion to disqualify filed by Sinclair at this time would likely be denied. *Man & Mach., Inc. v. Seal Shield, LLC*, 2016 WL 5457722, at *2 (D. Md. Sept. 28, 2016) (denying motion to disqualify). That said, we will be willing to discuss an appropriate resolution of this issue at a later time—possibly in connection with motions *in limine*—if it appears that this case will be tried before a jury and Dale's testimony will be necessary.

Finally, you mentioned that you intend to take Dale's deposition. In the event that Dale's deposition is noticed, we will move for—and likely be granted—a protective order. Dale's declaration contains all the relevant information that he remembers about his phone call with Domozych, which, as Domozych testified, lasted less than five minutes. Deposing Dale would be "burdensome and disruptive," and would likely involve probing his mental impressions or opinions. *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987) ("Sometimes there are very legitimate reasons for deposing a party's attorney. More often deposition of the attorney merely embroils the parties and the court in controversies over the attorney-client privilege and more importantly, involves forays into the area most protected by the work product doctrine—that involving an attorney's mental impressions or opinions.") (footnotes omitted).

Margaret L. Argent
February 24, 2020
Page 4

      We will consider the matter of Dale's disqualification settled for now, while leaving open the possibility of revisiting the issue in the event that we have an imminent trial date and his testimony is still needed. If you would like to discuss further, please let us know.

                                    Sincerely,

                                  ROBERT E. ALLEN
               of GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

REA:tpb

cc:  Scott H. Marder, Esq.
      C. Dale Quisenberry, Esq.
      C. Justin Brown, Esq.
      Thomas P. Burke Jr., Esq.

1795292.3