IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRITTNEY GOBBLE            *
PHOTOGRAPHY LLC            *
                                    *
v.                               *      Civ. No.:  SAG-18-3403
                                    *
SINCLAIR BROADCAST GROUP    *
INC., *et al.*,                     *
                                    *
    Defendants.                  *
                                    *

*    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

In this copyright infringement action, Defendants have moved for disqualification of one of Plaintiff's attorneys, C. Dale Quisenberry, Esq., citing a violation of the ethical prohibition against acting as both counsel and a fact witness in the same proceeding.  ECF 145.  Plaintiff opposed the motion, ECF 150, and Defendants filed a reply, ECF 155.  No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018).  For the reasons that follow, Defendants' Motion will be granted, and Mr. Quisenberry will be disqualified from further participation as counsel.

## I.      RELEVANT FACTS

Mr. Quisenberry has served as counsel of record to Plaintiff in this matter since 2018.  ECF 7.  Currently, he is admitted *pro hac vice* and is one of five active attorneys listed for Plaintiff on the case docket.

On January 22, 2020, Plaintiff filed a reply memorandum to a motion, attaching as an exhibit a declaration from Mr. Quisenberry.  ECF 108-2 at 16-19.  In that declaration, Mr. Quisenberry disputes factual representations made by one of Defendants' witnesses, Susan Domozych, regarding communications she had with Mr. Quisenberry in 2017.  *Id.*  Plaintiff acknowledges that it may use Mr. Quisenberry's testimony at the trial of this case, but contends

that "Mr. Quisenberry's possible testimony about his five-minute phone call with Ms. Domozych would only be offered in rebuttal and it only became clear that his testimony may be needed after Ms. Domozych was deposed." ECF 150 at 4.

## II.     LEGAL STANDARDS

In supervising the conduct of attorneys appearing in this forum, this Court must apply the Rules of Professional Conduct as they have been adopted by the Maryland Court of Appeals. *See Blumenthal Power Co. v. Browning-Ferris, Inc.*, 903 F. Supp. 901 (D. Md. 1995) (citing Loc. R. 704). As explained in *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 750 (D. Md. 1997) (citations and internal quotation marks omitted):

> A motion to disqualify is a serious matter, which must be decided on a case-by-case basis. This is so because two significant interests are implicated by a disqualification motion: the client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community. Nevertheless, the guiding principle in considering a motion to disqualify counsel is safeguarding the integrity of the court proceedings. Thus, this court must not weigh the competing issues with hair-splitting nicety but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing an appearance of impropriety, [this Court] is to resolve all doubts in favor of disqualification.

However, to protect litigants' right to select their counsel of choice, the moving party "bear[s] 'a high standard of proof to show that disqualification is warranted.'" *Franklin v. Clark*, 454 F. Supp. 2d 356, 364 (D. Md. 2006) (quoting *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995)); *see also Aetna Cas. & Surety Co. v. United States*, 570 F.2d 1197, 1200-01 (4th Cir. 1978) (requiring that the district court find an "actual conflict," not just a speculative conflict, before disqualifying counsel). The movant bears the burden to prove all facts necessary to establish that a rule of professional conduct has been violated and that the violation requires the attorney's disqualification. *See Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Perlberg*, 819 F. Supp. 2d 449, 454-55 (D. Md. 2011) (finding that the movant's evidence "has not satisfied the high burden of proof

2

necessary to sustain a disqualification motion"); *see also Victors v. Kronmiller*, 553 F. Supp. 2d 533, 552-53 (D. Md. 2008) (denying movant's motion for disqualification because the movant failed conclusively to establish a conflict under Rule 1.9).

### III.    ANALYSIS

The Maryland Rules of Professional Conduct ("MRPC"), which have been adopted by the Court of Appeals of Maryland, govern attorney conduct in this Court. Loc. R. 704 (D. Md. 2018). Defendants argue that Mr. Quisenberry should be disqualified because his representation of Plaintiff violates Rule 3.7(a) of the MRPC.  ECF 145.  That rule provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."  MRPC 3.7(a).

Defendants argue that Mr. Quisenberry's declaration makes him a necessary fact witness in the case, who may be called either by Plaintiff in rebuttal to Ms. Domozych's testimony or by Defendants to attempt to corroborate certain elements of his conversation with Ms. Domozych. ECF 145, 155.  Therefore, Defendants posit, his continued role as counsel constitutes a violation of MRPC 3.7(a). *Id.*  Plaintiff responds that Mr. Quisenberry, if called as a witness at all, will only be called to rebut Ms. Domozych's testimony, and that MRPC 3.7(a) only prohibits acting as an advocate "at trial," making this motion to disqualify premature.  ECF 150.  Plaintiff offers to restrict Mr. Quisenberry's participation at trial to a non-speaking role, with him not sitting at counsel table, and to exclude Mr. Quisenberry from the courtroom during Ms. Domozych's testimony. *Id.*

The applicable precedent, however, favors Defendants' position.  In *Attorney Grievance Comm'n of Maryland v. Zhang*, 440 Md. 128, 165 (2014), the Maryland Court of Appeals found that an attorney had violated MRCP 3.7 by engaging in a wide range of litigation activities outside of the trial setting.  The attorney in question, Ms. Zhang, was barred in Maryland and was representing a client in Virginia litigation relating to the annulment of a marriage, although she had not entered her appearance in court.  She was a potential fact witness in the client's annulment proceeding, because she had previously represented the client's husband in connection with relevant immigration filings.  Ms. Zhang argued that she was not acting as an "advocate at trial" in the annulment matter, because she had not entered her appearance.  The Court of Appeals found that Ms. Zhang had violated the ethical prohibition by assisting the client in preparing the complaint for annulment and other court filings, communicating directly with the client about the annulment case, participating in the negotiation of agreements between the client and her estranged husband, being physically present (though not formally appearing) during court proceedings, and drafting discovery responses.  *Id.* at 140-145.  In finding that Zhang had violated the attorney witness rule, the Court of Appeals stated as follows:

> Here, clear and convincing evidence supports the hearing judge's conclusion that Zhang violated MLRPC 3.7(a). Zhang was Wife's counsel. Zhang's contention that a lawyer does not act as an advocate where he or she does not enter his or her appearance in a particular court lacks merit. MLRPC 3.7 does not state that the "advocate at trial" must have entered his or her appearance in a court to be considered an "advocate." And the term "advocate" is defined in Black's Law Dictionary as "[a] person who assists, defends, pleads, or prosecutes for another." Black's Law Dictionary 60 (8th ed. 2004).  Thus, that Zhang did not enter her appearance does not relieve her of the responsibility of complying with MLRPC 3.7(a). Indeed, the very matter at issue demonstrates that Zhang violated MLRPC 3.7(a). In the answer to interrogatories that Zhang provided to [Virginia counsel], Zhang is identified as a potential witness. This demonstrates that Zhang, while acting as an advocate for Wife by preparing answers to interrogatories, identified herself (the advocate) as a potential witness.

*Id.* at 165. While *Zhang* involved a more egregious set of overt and intentional ethical violations on the part of the disqualified attorney, the principles underpinning its reading of Rule 3.7(a) are unmistakably applicable here. The Maryland Court of Appeals does not read Rule 3.7(a) in the narrow manner suggested by Plaintiff, which would restrict only the attorney's actual participation in a speaking role at trial. Instead, the Maryland Court of Appeals reads the rule to preclude the type of pre-trial participation in litigation in which Mr. Quisenberry is presently engaged as well as the in-trial participation suggested in Plaintiff's proposed stipulation, much of which is analogous to the disqualified attorney's exclusively "behind the scenes" work in *Zhang* (e.g. watching the trial from the gallery but not appearing as counsel and continuing to participate in trial/witness strategy). This Court credits Plaintiff's representation that it only became aware that Mr. Quisenberry would be a fact witness during Ms. Domozych's deposition, and that the issue had not presented itself earlier in the litigation. Now that it has come to light, however, and Mr. Quisenberry has filed a substantive declaration to establish significant, disputed facts for his client in the litigation, his continued participation as counsel of record would violate MRCP 3.7.

For the foregoing reasons, Defendants' motion to disqualify counsel, ECF 145, will be granted. A separate order will issue.

DATED: April 16, 2021                          _____/s/_____

                                               Stephanie A. Gallagher
                                               United States District Judge