IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **BRITTNEY GOBBLE PHOTOGRAPHY, LLC,**<br><br>*Plaintiff*,<br><br>v.<br><br>**SINCLAIR BROADCAST GROUP, INC.,** *et al.*,<br><br>*Defendants/Third-Party Plaintiffs*,<br><br>v.<br><br>**USA ENTERTAINMENT NEWS, INC.** d/b/a "WENN" and "WORLD ENTERTAINMENT NEWS NETWORK",<br><br>*Third-Party Defendant*. | Case No. 1:18-cv-03403-SAG (Lead Case)<br><br>Case No. 1:18-cv-03384-SAG<br>Case No. 1:19-cv-00559-SAG<br>Case No. 1:19-cv-00606-SAG |

## DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE OPINION TESTIMONY OF PLAINTIFF'S EXPERT – JEFFREY SEDLIK

Defendants, Sinclair Broadcast Group, Inc. *et al.* ("Sinclair") file their *Daubert* Motion to Exclude Opinion Testimony of Plaintiff's Expert – Jeffrey Sedlik, for the reasons that follow and as set forth in the accompanying Memorandum of Law:

1. More than two decades ago, the Supreme Court cautioned that "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 519, 139 L. Ed. 2d 508 (1997). Yet, that is exactly what Plaintiff

asks this Court to do. Plaintiff's expert, Jeffrey Sedlik, calculated damages using an unreliable methodology which has led to the exact type of *ipse dixit* opinions that the Supreme Court cautioned should not be accepted.

2. "Reliability is to be determined by the 'principles and methodology' employed by the expert." *Holesapple v. Barrett*, 5 F. App'x 177, 179 (4th Cir. 2001). Indeed, "[t]he Court must exclude expert testimony if it is so fundamentally unreliable that it can offer no assistance to the jury." *Goyal v. Thermage, Inc.*, Civil No. WDQ-08-0020, 2011 WL 691185, at *3 n.8 (D. Md. Feb. 18, 2011) (quoting *Meterlogic, Inc. v. KLT, Inc.*, 368 F.3d 1017, 1019 (8th Cir. 2004)).

3. Sedlik's opinions are fundamentally unreliable, constitute legal conclusions or were rendered in areas for which he is not qualified, as more fully explained in Defendants' Memorandum of Law in Support of Defendants' *Daubert* Motion to Exclude Opinion Testimony of Plaintiff's Expert – Jeffrey Sedlik, filed contemporaneously with this Motion.

WHEREFORE, Defendants request that this Court enter an order excluding the opinion testimony of Plaintiff's expert, Jeffrey Sedlik, and granting such other and further relief as this Court deems just, equitable and proper.

Dated: July 20, 2021

Respectfully submitted,

/S/   Scott H. Marder
Francis R. Laws (Bar No. 02596)
flaws@tandllaw.com
Scott H. Marder (Bar No. 28789)
smarder@tandllaw.com
Margaret L. Argent (Bar No. 06132)
margent@tandllaw.com
THOMAS & LIBOWITZ, P.A.
25 S. Charles Street, Suite 2015

Baltimore, Maryland 21201
Telephone: (410) 752-2468
Facsimile: (410) 752-0979

*Attorneys for Defendants*