## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| BRITTNEY GOBBLE PHOTOGRAPHY, LLC, | Case No. 1:18-cv-03403-SAG (Lead Case) |
| *Plaintiff,* | Case No. 1:18-cv-03384-SAG<br>Case No. 1:19-cv-00559-SAG<br>Case No. 1:19-cv-00606-SAG |
| v. | **PLAINTIFF BRITTNEY GOBBLE PHOTOGRAPHY, LLC'S MOTION TO EXCLUDE DEFENDANTS' PROPOSED EXPERT, GARY ELSNER** |
| SINCLAIR BROADCAST GROUP, INC., *et al.*, | |
| *Defendants.* | |

## PLAINTIFF BRITTNEY GOBBLE PHOTOGRAPHY, LLC'S MOTION TO EXCLUDE DEFENDANTS' PROPOSED EXPERT, GARY ELSNER

## I.    INTRODUCTION

Plaintiff Brittney Gobble Photography, LLC ("Gobble") seeks to exclude any opinion evidence of or concerning actual damages or a hypothetical license fee by Defendants' proposed expert, Gary Elsner. Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

Elsner's proposed testimony will not be helpful to the trier of fact, as required by Rule 702(a). In other words, it is not relevant. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) ("[U]nder the Rules the trial judge must ensure that any and all scientific testimony

or evidence admitted is not only relevant, but reliable."); *see also id.* at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.").

Elsner's testimony is unhelpful and irrelevant because it relates entirely to the licensing and valuation of stock photographs. All of his "knowledge, skill, experience, training, or education" comes from a career spent working with stock photography agencies. But the photographs at issue in this case—the 51 photographs unlawfully used by Sinclair and its affiliates—are not stock photographs and were not taken by the Defendant from a stock photography agency. Elsner's testimony about royalty free, microstock, subscription, enterprise, and syndication licensing is not "sufficiently tied to the facts" of this case such that "it will aid the jury in resolving a factual dispute." *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985).

Elsner should therefore be excluded from testifying at trial under Rule 702 and relevant caselaw governing expert testimony, including *Daubert* and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

## II.    BACKGROUND

Defendants' previous expert on fair market value and hypothetical licensing, Ellen Boughn, withdrew from this case in April 2020 for health reasons. Defendants retained Gary Elsner as a replacement for Boughn. Defendants served Elsner's report (the "Report," attached to the Declaration of Thomas P. Burke Jr. ["Burke Decl."] as **Exhibit 1**) on Gobble on September 18, 2020. Gobble has not deposed Elsner in this case.

In his Report, Elsner provides several alternative calculations of the fair market value of a hypothetical license for the infringing uses by Defendants. His alternative calculations range from $826.46 on the low end (Report at 26) to $8,466 on the high end. (Report at 42.) Elsner

based these calculations on a previous license between Gobble and a stock agency, Rex

Features,[1] and calculations that Elsner performed on various stock photography agency websites.

Counsel for Gobble deposed Elsner in a case in the District of New Hampshire involving

infringement of a photograph, *D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc.*, Case

No. 17-cv-747, on November 12, 2020. In that case, Elsner was retained to rebut the testimony

of Jeffrey Sedlik and offer alternative calculations of a hypothetical license measure of actual

damages—just like in this one.

## III.    ARGUMENT

### A.    Elsner's Testimony About the Gobble Photographs is Outside the Scope of His Expertise

Again, Rule 702 states that "[a] witness who is qualified as an expert by knowledge, skill,

experience, training, or education may testify in the form of an opinion or otherwise if: (a) the

expert's scientific, technical, or other specialized knowledge will help the trier of fact to

understand the evidence or to determine a fact in issue …." In assessing an expert's potential

testimony, the Court bears the role of "gatekeeper" in making an independent determination that

"any and all scientific testimony or evidence admitted [at trial] is not only relevant, but reliable."

*Daubert*, 509 U.S. at 589.

"While the fit between an expert's specialized knowledge and experience and the issues

before the court need not be exact, an expert's opinion is helpful to the trier of fact, and therefore

relevant under Rule 702, only to the extent the expert draws on some special skill, knowledge or

experience to formulate that opinion; the opinion must be an expert opinion (that is, an opinion

informed by the witness' expertise) rather than simply an opinion broached by a purported

expert. As *Daubert* and *Kumho Tire* make clear, the trial court's gatekeeping inquiry must

---

[1] Gobble briefly experimented with Rex's syndication licenses, but terminated the license after just 15 months because Rex was offering licenses at below market rates and was not fulfilling its agreement to provide Gobble with photographer attribution.

1935369.3

therefore be tied to the facts and issues of the particular case." *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 392–93 (D. Md. 2001) (cleaned up).

Elsner's proposed testimony is not tied to the facts and issues of this particular case. Gobble's photographs were not stock photographs and Sinclair did not obtain any of the photographs from a stock agency website. Instead, Sinclair and its affiliates obtained Gobble's photographs from WENN or through a Dropbox link provided by Gobble and subject to certain conditions and restrictions. In other words, the relevant hypothetical negotiation would not be between a *stock photo agency* and a willing buyer, similarly situated with Sinclair, as Elsner has done in his Report by simply providing inputs into a stock photo agency calculator. Rather, the relevant hypothetical negotiation would take place between between a *photographer* and a willing buyer, an area in which Elsner has no experience. For this reason, and as detailed below, Elsner should be excluded from testifying at trial.

### 1.     Elsner's Only Experience Is In Stock Photography

Elsner testified in his deposition in the *D'Pergo* case that commercial photography consists of four subcategories: (1) stock photography; (2) assignment photography; (3) event photography; and (4) paparazzi/news photography. Deposition of Gary Elsner ("Elsner Dep.," attached to Burke Decl. as **Exhibit 2** at 25:2-19.) Elsner's entire career, however, has been solely in stock photography. From 1963 to 1999, Elsner worked for stock photo agencies. *See* Report at pp. 5-7. In 1999, Elsner started his own consulting business, where he has consulted with stock photo agencies and stock photographers. *Id.* at pp. 7-11.

Elsner confirmed as such in his *D'Pergo* deposition when he could not recall working on any consulting opportunity other than stock photography in the last ten years. Elsner Dep. at 29:5-15 (Q: "In the last ten years, can you think of one photographer that [] hired you to consult with [] respect to commercial photography, other than stock photography" A: "… So if you're

talking about the last ten years, as I sit here, I don't recall one.").[2] Elsner also could not recall
providing any consulting work for any photographers in the last ten years related to their being
commissioned to create non-stock photo agency works on an assignment basis. *Id.* at 36:11-15;
37:12-21. Most importantly, Elsner confirmed that he has no experience licensing photographs
aside from stock photographs. *Id.* at 41:5-15 (Q: "What is your experience licensing
photographs, other than photographs being used in stock photography? … A: "I've already
testified that I've never licensed my own photographs. I also believe that I've testified that I have
never been hired to produce an assignment for someone which would result in the licensing of a
photograph. I believe that answers the question.").

**2.      Elsner Admits the Gobble Photographs Are Not Stock Photographs**

Though Elsner appears to the treat Gobble's photographs as stock photographs in his
Report, his testimony in the *D'Pergo* deposition confirmed that the photographs are not, in fact,
stock photographs. Elsner Dep. at 275:12-16 ("Q: So again, I'm trying to understand this. The –
the D'Pergo photo is not a stock photo. Why? A: It's not offered through a stock photo agency.");
*see also id.* at 253:3-8 ("Q: Sweetwater didn't take the D'Pergo photo from a stock photo agency,
did it? A: No. To the best of my knowledge, no. Q: And D'Pergo is not a stock photo agency,
right? A: That is certainly correct."). While some of Gobble's photographs did indeed appear on
a stock photography agency—Rex Features—website for a brief period of time, Sinclair did not
obtain or license the photographs through a stock photography agency. Instead, Sinclair obtained
the photographs from WENN and licensed them (and subsequently exceeded or violated that
license) in direct negotaitions with Brittney Gobble. *See* Burke Decl., **Exhibits 3 and 4**.

---

[2] Although Elsner testified that fifteen to twenty years ago, he was hired by photographers "for a
variety of reasons," all of those reasons provided by Elsner related specifically to stock
photography. Elsner Dep. at 26:19-29:4. As more fully addressed in Section III.B below,
Elsner's testimony regarding the valuation of stock photographs is also outdated and therefore
unreliable. *Richmond Steel, Inc. v. Puerto Rico Am. Ins. Co.*, 954 F.2d 19, 22 (1st Cir. 1992).

### 3.    Elsner Has No Experience In Valuing Non-Stock Photographs

As required by Rule 702, Elsner does not possess the "knowledge, skill, experience, training or education" to opine on the value of a hypothetical license to use Gobble's photographs because Elsner's knowledge, skill, experience, training and education all relate to stock photography, which Elsner admits does not include Gobble's photographs. In *Baker v. Urban Outfitters, Inc.*, the court excluded the report and testimony of a photography expert in a case involving a stock photograph because the expert's primary experience in photography had been in commissioned photographs, not stock photographs, where, among other things, whether the image was taken by an experienced professional or an amateur has no bearing on its value. 254 F. Supp. 2d 346, 353-54 (S.D.N.Y. 2003) (the expert's "experience with pricing specially commissioned photographic shoots fails to qualify her as an expert on the matter of valuing a stock photograph."); *see also McDermott v. Advanstar Commc'ns, Inc.*, 2006 WL 8454324, at *2 (N.D. Ohio July 19, 2006) (exclusion of expert testimony for lack of "knowledge, skill, experience, training, or education" where the proposed expert only had experience in the photography industry and the works at issue were medical illustrations).

Here, Sinclair offers Elsner's opinion on the value of a hypothetical license to use Gobble's photographs, even though Elsner himself would categorize the photographs as outside his area of expertise in stock photography. Elsner's opinions, therefore, do not meet the standards of Rule 702: "[T]here are many different kinds of experts, and many different kinds of expertise. The fact that a proposed witness is an expert in one area, does not *ipso facto* qualify him to testify as an expert in all related areas." *Shreve*, 166 F. Supp 2d at 391 (citations and quotation marks omitted). Elsner should therefore be precluded from testifying about the value of a hypothetical license for Gobble's photographs.

### B.    Elsner's Expertise Relating to the Use of Multipliers in Damages Is Not Reliable

As addressed above, the Court's "gatekeeper" requirement laid out in *Daubert* "is to make certain that an expert ...employs in the courtroom the same level of intellectual rigor that

characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

Experts can only meet that standard if their knowledge and experience are current. "An expert

may be properly excluded if his experience or education in the field is outdated." *Penor v.*

*Columba County*, 2010 WL 916211, at *2 (D. Or. Mar. 9, 2010) (finding the expert's

qualifications outdated and his recent educational activities in the field insufficient to qualify him

as an expert); *Richmond Steel, Inc. v. Puerto Rico Am. Ins. Co*., 954 F.2d 19, 22 (1st Cir. 1992)

(no error in excluding a Certified Public Accountant as an expert witness because it had been ten

years since he had dealt with a project similar to the one at issue); *U.S. v. Taylor*, 154 F.3d 675,

683 (7th Cir. 1998) (no error in excluding expert where he was not familiar with applicable

studies of the last three or four years and where he had not read any protocols of his professional

association for the past five years).

      Elsner opines in his Report that with respect to multipliers based upon scarcity, that "[t]he

use of multipliers in conjunction with ecommerce pricing is not a proper tool for determining

license fee for scarce or unusual photos in the stock photography industry[.]" Report p. 42.

      Elsner's knowledge of multipliers, however, is based upon caselaw from over fifteen

years ago in *Stehrenberger v. J.R. Reynolds Tobacco Holdings, Inc.*, 335 F. Supp. 2d 466, 468

(S.D.N.Y. 2004) (declining to apply a multiplier used to punish the infringer).

      Since 2004, however, courts have clarified that while multipliers used to punish an

infringer for unauthorized use are not permitted, multipliers used to ascertain the fair market

value of a hypothetical license are allowed. *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 393

(3rd Cir. 2016);[3] *DPergo Custom Guitars, Inc. v. Sweetwater Sound, Inc.* , 2020 WL 60351, at

*6-8 (D.N.H. Jan. 6, 2020) (unpublished) (allowing testimony about scarcity and punitive use

multipliers, and holding that the allegedly punitive nature of multipliers should be challenged by

cross -examination and rebuttal); *Under a Foot Plant, Co. v. Exterior Design, Inc.*, 2017 WL

---

[3] The district court's opinion accepting the use of scarcity and exclusivity multipliers was
published in 2015. *Leonard v. Stemtech Health Scis., Inc.*, 2015 WL 4778827, at *1 (D. Del.
Aug. 13, 2015).

3593014, at *5 (D. Md. Aug. 21, 2017) (testimony that "five-to-ten times was a reasonable estimate of what a willing seller could reasonably require of a willing buyer to compensate for the buyer's competitive use" was reliable to support the jury's verdict); *Brittney Gobble Photography, LLC v. Wenn Ltd.,* 2019 WL 2446997, at *8 (E.D. Tenn. Feb. 19, 2019) ("The Court finds a [scarcity] multiplier of three (3) to be appropriate in this case. Here, Sedlik used generic cat photographs to estimate the fair market value; however, these cat photographs did not account for the scarcity of the Registered Images that are the subject of this lawsuit."); *Reiffer v. Legendary Journeys, Inc.,* 2019 WL 2029973, at *3 (M.D. Fla. Apr. 10, 2019), *report and recommendation adopted,* 2019 WL 2029829 (M.D. Fla. May 2, 2019) (applying a five time scarcity multiplier to account for revenue lost from infringing use).

Elsner admitted in his *D'Pergo* deposition that he had not kept current with the legal developments regarding multipliers and had no knowledge that the use of multipliers to ascertain fair market value is permitted. Elsner Dep. at 66:5-9 ("Q: Are you aware that many courts accept multipliers that are used to determine fair market value when it's not used as a penalty? … A: No."). Elsner's failure to stay current with developments about multipliers in copyright infringement cases renders his opinions unreliable and unhelpful.

## IV.   CONCLUSION

Elsner's area of expertise—stock photography—does not "fit" the facts and issues before the Court in this case. This makes his opinions unreliable and unhelpful to the finder of fact. Just because he may be an expert in licensing stock photographs does not mean he is an expert in the types of photographs at issue here. Because of this disconnect, Gobble respectfully requests that the Court preclude Elsner from testifying about the value of a hypothetical license for the Gobble photographs. Moreover, Gobble requests that the Court preclude Elsner from offering any testimony about the use of multipliers to determine actual damages, as his knowledge on this subject is outdated and unhelpful.

1935369.3

July 20, 2021

Respectfully submitted,

By:   */s/ Thomas P. Burke Jr.*
     Thomas P. Burke Jr.

C. Justin Brown
Maryland State Bar No. 28110
brown@cjbrownlaw.com
Brown Law Firm
1 N. Charles St., Suite 1301
Baltimore, Maryland 21201
Telephone: (410) 244-5444
Facsimile: (410) 934-3208

Robert E. Allen (admitted *pro hac vice*)
Cal State Bar No. 166589
rallen@glaserweil.com
Thomas P. Burke Jr. (admitted *pro hac vice*)
tburke@glaserweil.com
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd., 19th Fl.
Los Angeles, CA 90067
Telephone: (310) 282-6280

*Counsel for Brittney Gobble Photography, LLC*

9

1935369.3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 20th day of July 2021, a copy of the foregoing document was filed electronically. Notice of the filing will be sent to all parties who have appeared by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_/s/ Thomas P. Burke Jr._
Thomas P. Burke Jr.

1

1935369.3